Steven M. Cox, Esq.
PCC #11552  SB # 005094
smcox@waterfallattorneys.com

LAW OFFICES
WATERFALL, ECONOMIDIS, CALDWELL,
HANSHAW & VILLAMANA, P.C.
Williams Center, Eighth Floor
5210 E. Williams Circle
Tucson, AZ 85711
(520)790-5828

Attorneys for Metric Roofing, Inc.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>JASON S BROWN,<br><br>                   Debtor.<br>_____<br><br>METRIC ROOFING, INC.,<br><br>                   Plaintiff,<br>vs.<br><br>JASON S BROWN, Debtor; and DIANNE C. KERNS, as Chapter 13 Trustee,<br><br>                   Respondents. | NO. 4:15-bk-14304-BMW<br><br><br><br><br><br>Adversary No. 4:16-ap-00056-BMW<br><br>(Chapter 13)<br><br>**COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT, UNDER 11 U.S.C. §523(a)(4) AND (6)** |

Metric Roofing, Inc. ("Plaintiff" or "Metric") hereby states and alleges, for its Complaint against Jason S. Brown ("Brown", "Defendant" or "Debtor"), as follows:

<u>General Allegations</u>

1. This adversary proceeding seeks denial of Debtor's discharge as to the debt owed to Plaintiff, and it is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §157(b), and 11 U.S.C. §523(a). Venue is proper pursuant to 28 U.S.C. §1409(a).

2. Defendant is the Debtor in this Chapter 13 case, and Plaintiff is a creditor of Defendant. Defendant submitted a proposed Chapter 13 Plan in his bankruptcy case which has not provided any particular treatment of Plaintiff's claim for the debt.

3. This is an adversary proceeding to determine the dischargeability of a debt, owed by Defendant to Plaintiff, pursuant to 11 U.S.C. §523(a)(4), and/or (6).

4. At the time of filing this case, Defendant was indebted to Plaintiff in the sum of $336,664.91, which debt is the result of a Judgment entered on October 23, 2015 in the Superior Court for the State of Arizona, In and For the County of Pima, case number C20131929. A true and correct copy of the Judgment is attached hereto as Exhibit A and incorporated herein by reference.

5. In the Superior Court action, Plaintiff alleged that Defendant, while an employee of Plaintiff, utilized Plaintiff's computer system, including Plaintiff's e-mail account and Master Job Files, to successfully solicit Plaintiff's customers for a rival business, Invierno Design, LLC, by utilizing Plaintiff's proprietary, confidential, and trade secret information, after which, he terminated his employment with Plaintiff and began working for the rival business, all to the detriment of Plaintiff.

6. Plaintiff's claims against Defendant in the Superior Court action included breach of fiduciary duty, tortious interference with business relations, unfair competition, defamation, and conversion. Claims also lie for fraud, embezzlement, larceny, and/or willful and malicious injury to Plaintiff's property.

7. At the conclusion of the trial on the Complaint, the jury returned a verdict in favor of Metric and against Brown, finding that Metric was entitled to an award of both compensatory and punitive damages against Brown as a result of his actions against Metric.

### Count One (§523(a)(4))

8. Plaintiff realleges all of the allegations of paragraphs 1 through 7 above as if fully set forth here.

9. Defendant is indebted to Plaintiff for the full amount of the Judgment, including interest and legal fees, based on the Jury's determination that Defendant owed a fiduciary duty to Plaintiff, that he committed the acts as alleged by Plaintiff, and the finding that Metric was entitled to an award of

-2-

WATERFALL, ECONOMIDIS, CALDWELL, HANSHAW & VILLAMANA, P.C.
5210 E. Williams Circle, Suite 800
Tucson, AZ 85711
(520)790-5828

both compensatory and punitive damages against Brown for his actions.

10. By violating his fiduciary duty to Plaintiff, and committing the acts giving rise to the claims listed above in paragraph 6 above, the debt owed by Defendant to Plaintiff is nondischargeable under §523(a)(4) of the Bankruptcy Code.

### Count Two (§523(a)(6))

11. Plaintiff realleges all of the allegations of paragraphs 1 through 10 above as if fully set forth here.

12. As proven at the trial on Plaintiff's Complaint, or evidenced by the Judgment, Defendant's actions against Plaintiff caused Plaintiff significant financial losses. Defendant's actions resulted in cancelled contracts and loss of income to Plaintiff.

13. By all of his actions, Defendant willfully and maliciously caused injury to Plaintiff and/or Plaintiff's property.

14. The debt of Defendant to Plaintiff for such actions, including conversion which injured Plaintiff and its property, and the other claims listed in paragraph 6 above, is nondischargeable under §523(a)(6) of the Bankruptcy Code.

Wherefore, Plaintiff requests that the Court determine that all of the debt owed by Defendant to Plaintiff is nondischargeable, and that Plaintiff have judgment against Defendant for the full amount of the debt owing under Plaintiff's Judgment, including all interest accrued and accruing, plus legal fees and costs, and all additional relief as the Court deems just, reasonable and/or appropriate.

DATED this 1st day of February, 2016.

        WATERFALL, ECONOMIDIS, CALDWELL,
        HANSHAW & VILLAMANA, P.C.

        By */s/ Steven M. Cox*
          Steven M. Cox
          Attorneys for Metric Roofing, Inc.